## Commonwealth v. Margittai-Thorpe

*C. Kent Price, Assistant District Attorney*, for Commonwealth.

*Alan Ellis*, for petitioner.

CAMPBELL, *P.J.*, June 21, 1977—This court faces, for the first time, the application of the Post Conviction Hearing Act to a summary conviction of retail theft. To our knowledge, there appears to be no precedent in this state to guide us.

## PROCEEDINGS BEFORE DISTRICT JUSTICE

A citation charging defendant with retail theft at a local department store was filed before the district justice of the peace on May 29, 1974. The justice sent the citation to defendant two days later. On

June 6, 1974, defendant appeared at the magistrate's office, entered a plea of not guilty, signed a waiver of the 3-10 day hearing date limitation, and was given a notice of hearing, the first paragraph of which read as follows:

"June 6, 1974

To: Roger W. Margittai-Thorpe
909D W. Aaron Drive
State College, Pa.

Re: Retail Theft
Officer Neidigh—Ames Dept. Store

I am setting the hearing with respect to the above matter for July 3, 1974, at 1:00 P.M. Please be present with any witnesses you may care to bring. *You may also be represented by an attorney if you wish.*" (Emphasis supplied.)

. . .

The hearing was held as scheduled. Two witnesses testified on behalf of the victim and defendant was found guilty and directed to pay a fine in the amount of $30 and costs. Defendant failed to pay the fine and costs and on September 5, 1974, the magistrate issued a warrant, following which defendant made a partial payment of $18 on October 7, a partial payment of $5 on November 4, and the balance of $20.47 was paid on December 10, 1974.

## PROCEEDINGS BEFORE THIS COURT

On April 12, 1977, defendant filed a Post Conviction Hearing Act petition averring that he has suffered severe civil and social collateral consequences as a result of his retail theft conviction. He requests either (a) that he be granted leave to appeal nunc pro tunc, or (b) that the case be remanded to the district justice of the peace for a new trial. His

petition is based on two contentions: first, that he was not represented by counsel and was not advised of his right to retain counsel; and, second, that he was never notified of his right to file an appeal. We granted an evidentiary hearing.

From the files of the district justice of the peace and from the evidence submitted at the evidentiary hearing we have determined that defendant is not entitled to relief for the following reasons:

■ That defendant was advised of his right to retain counsel;

■ That there is no obligation on the district justice of the peace to advise a defendant regarding appeal rights; and

■ That the Post Conviction Hearing Act of January 25, 1966, P.L. (1955) 1580, 19 P.S. §1180-1 et seq., is not applicable to a summary proceeding before a district justice of the peace.

## DISCUSSION

Defendant contends that the case of Com.v. Doria, 468 Pa. 534, 364 A. 2d 322 (1976), is authority for and entitles him to relief. We believe this case to be authority for only two basic principles, to wit: [1] that laches has no place in criminal law; and [2] that the "mootness doctrine" will not prevent relief under the Post Conviction Hearing Act if it can be shown that defendant has suffered civil collateral consequences as a result of a wrongful criminal conviction. With these principles we do not quarrel. We fail to understand, however, how the Doria case can be reconciled with the Post Conviction Hearing Act. Section 3 thereof provides as follows: "To be eligible for relief under this act, a person must initiate a proceeding by filing a petition . . . and must prove the following: . . . (b) That he is incarcerated

in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or on parole or probation . . ." It would appear that defendant Doria was precluded from PCHA relief under the specific language of the act itself. It may be that this was overlooked or not raised in the argument of that case. In any event, the holding in the Doria case does not mandate relief for defendant, but only removes the application of the mootness doctrine.

## COUNSEL

Defendant was a married, 21-year old college senior. He was given a notice that he might be represented by an attorney at his hearing if he wished. Prior to the hearing he contacted the Centre County Public Defender's Office, which declined to represent him because of its policy not to extend its services to summary hearings. Defendant was employed part-time; his wife was likewise employed and the record does not disclose indigency. He contacted the attorney for various Penn State students and also his present counsel within 60 days after the hearing. In spite of these legal consultations he thereafter paid the fine and costs in installments, the final payment being made on December 10, 1974. We cannot find that defendant's conviction resulted from a denial of his Constitutional right to representation by competent counsel (section 3(c)(6) PCHA act). Since there was no likelihood that imprisonment would be imposed there would appear to be no duty to assign counsel in conformity with Pa.R.Crim.P. 318.

## APPEAL RIGHTS

Defendant contends that the district justice of the peace did not advise him of his appeal rights. It was

stipulated that it was the usual practice of the magistrate to do so, but that he has no independent recollection that he did so in this particular case. To warrant relief under the Post Conviction Hearing Act defendant must show that his conviction resulted from the obstruction by state officials of petitioner's right of appeal. The evidence does not justify this conclusion.

## APPLICABILITY OF PCHA

Section 3 of the Post Conviction Hearing Act specifically indicates that to be eligible for relief a person must prove (a) that he has been convicted of a crime, (b) that he is incarcerated or on parole or probation, (c) that his conviction or sentence resulted from one or more of 13 specific reasons. In this case defendant was not incarcerated. He was not on parole or probation, and he has not shown that his conviction resulted from any of the 13 enumerated reasons. We further believe that the action was never intended to apply to summary proceedings in a court not of record. It should be noted that section 6 of the act requires the petition to be docketed to the same number and term as the original proceedings, or in situations involving multiple sentences it shall be docketed to the same number and term as the case wherein the first unexpired sentence was imposed. In this case no proceedings were ever had in this court. Section 8 requires respondent to file records with his answer. In this case no records are available. Section 11 requires in the event of an appeal that it be to the court having appellate jurisdiction over the original conviction. This court was not involved in the original conviction.

It would appear that defendant is seeking the use

of the Post Conviction Hearing Act petition to accomplish an expungement or a pardon, or as a means to circumvent the appeal period from a summary conviction. We do not believe the act was intended to serve any of these purposes.

The testimony with respect to defendant's civil collateral consequences was not impressive. We freely admit that any criminal conviction entails some collateral civil consequences as well as criminal penalties. This does not mean, however, that every conviction can be challenged at any time in the future where no trial records are available and witnesses have long since disappeared. For the above reasons we enter the following

## ORDER

And now, June 21, 1977, defendant's Post Conviction Hearing Act petition is dismissed; costs to be paid by defendant.